## Woolery v. Commonwealth.

June 23, 1939.

Charles L. Seale, Judge.

J. M. Wolfinbarger for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Appellant, with Zach Walden and Taylor Sparks, was indicted for the murder of Dave Woolery, appellant's husband. Walden was tried on the indictment in October 1938 and sentenced to a life term in the penitentiary. On appeal to this court the judgment of the lower court was reversed, the opinion being handed down on June 2, 1939. See Walden v. Com., 129 S. W. (2d) 559. By reference thereto it will be found that the reversal was on the ground that the commonwealth had failed to present sufficient proof to authorize the court to submit the issue to the jury for its consideration.

The appellant was tried at the February 1939 term of the Estill circuit court, was found guilty and given a life imprisonment penalty, and from a judgment putting the sentence into effect she prosecutes this appeal.

The same grounds for reversal are set up on this appeal as were brought forward in the Walden case, supra, the chief one being the lack of sufficient evidence to warrant submission. Reference is made to the Walden case for a detailed statement of the facts and circumstances attending the death of Dave Woolery.

We have examined the transcript of evidence with care for the purpose of ascertaining whether or not on the instant trial there was introduced testimony or proof of circumstances, other than as appeared on Walden's trial, which might serve to tend to uphold the verdict of the jury. With a few immaterial exceptions the testimony was the same.

As we noted in the Walden case, the only witness who testified to any facts or related any circumstances which would tend to show a conspiracy, on the part of those charged, to murder Dave Woolery, was Bertha Lunsford, and it was pointed out that she and appellant remained in the home of Dave Woolery after the party had returned from their evening ride to Irvine and Ravenna. She, for some reason undisclosed in the record, did not testify on this trial. but by agreement of parties her testimony on the Walden trial was read to the jury, hence there could be no change in her testimony.

Again, one witness who testified on the former trial, undertaking but failing to detail facts or circumstances which might have shown motive, was brought from the penitentiary for the purpose of testifying for the commonwealth in the instant trial. He refused to testify in any manner.

On the former trial (Walden's) appellant did not testify. On this trial she testified in her own behalf, and while contradicting the Lunsford girl in some material particulars, she agreed that both remained in the home all night after their return from Ravenna, and after appellant's husband left home.

In the Walden case we said that it was impossible to discern any motive on the part of Walden to do away with Dave. There might have appeared in that case, as in this case, some facts and circumstances which could by ingenuity build up a motive on the part of appellant. In both cases it was of such weak character as to be unimpressive. In this case such evidence was to a great extent rebutted by the testimony of appellant, who testified in a clear, convincing manner, and underwent a severe and searching cross-examination, upon which she lost no ground.

The assistant attorney general in his brief has frankly stated that no additional or strengthening proof could be pointed out in the record.

We see no reason why the conclusions reached in the Walden case should not apply here, and on authority of that case the judgment is reversed with directions to grant appellant a new trial consistent herewith.